Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





IN RE: JIMMY LEE SWEED,


 Relator.
 §


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00131-CV


 

AN ORIGINAL PROCEEDING


IN MANDAMUS







MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 In his petition for mandamus, Sweed seeks mandamus relief to compel the 346th District
Court of El Paso County to rule on his motion for transfer. Sweed filed a motion to transfer his
lawsuit under cause number 93-2885 from the trial court to the probate court. His motion was filed
on March 21, 2007. For the following reasons, mandamus relief is denied.

 According to Sweed, the trial court was required under Texas Rule of Civil Procedure 329
to rule on his motion to transfer within thirty-days. (1) Sweed argues the trial court abused its
discretion since it has refused to rule on his motion, and he has no other adequate remedy at law. 

 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992) (orig. proceeding). Furthermore, there must be no other adequate remedy
at law. Id. at 840.

 Sweed has failed to show he is entitled to mandamus relief. The trial court entered judgment
in cause number 93-2885. Cause number 93-2885 was a suit brought by the City of El Paso against
several heirs of Martin Sweed, deceased, in order to collect delinquent property taxes. Sweed v. City
of El Paso, No. 08-00-00195-CV, 2001 WL 1469071, at *1 (Tex. App.--El Paso Nov. 20, 2001, pet.
denied) (not designated for publication). The trial court "entered judgment in favor of the City for
taxes for the years 1988 through 1999, assessed penalties, interest and costs, and ordered foreclosure
of the property against all named defendants, including [Sweed]." Id. The trial court also did not
award a personal judgment against any heir individually. Id. This Court affirmed the trial court's
judgment in Sweed v. City of El Paso and the mandate on Sweed's appeal was issued on October 23,
2002. Id. Because Sweed has not demonstrated he is entitled to mandamus relief, we deny his
petition for writ of mandamus.

 KENNETH R. CARR, Justice

June 7, 2007


Before Chew, C.J., McClure, and Carr, JJ.

1. Texas Rule of Civil Procedure 329 governs motions for new trials on judgment following citation by
publication. See Tex. R. Civ. P. 329.